UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-36-TBR

MICHAEL MCDORMAN,                                                              PLAINTIFF

v.

D&G PROPERTIES., *et al*,                                                      DEFENDANTS

## MEMORANDUM OPINION AN ORDER

This matter is before the Court upon a motion by Plaintiff, Michael McDorman, to strike defendants' motion to dismiss Count VII and individual defendants as untimely. [DN 29]. Defendants D&G Properties, DGW Investments, Inc., Bruce Grisham, Daniel Williams, RB Grisham, and Jacob Stauffer have responded, [DN 32], and Plaintiff has replied. [DN 34]. Fully briefed, Plaintiff's motion is ripe for review and for the following reasons it is **DENIED.**

## BACKGROUND

On March 13, 2018, Plaintiff filed his complaint against Defendants. [DN 1]. Defendants filed a pre-answer motion to dismiss for improper venue pursuant to Rule 12(b)(3) on May 31, 2018. [DN 16]. The Court denied Defendants' motion to dismiss for improper venue on November 21, 2018. [DN 23]. On December 5, 2018, Defendants D&G Properties, Inc. and DGW Investments, Inc. ("Companies") filed their answer ("Answer") to Plaintiff's complaint. [DN 24]. Defendants Bruce Grisham, Daniel Williams, RB Grisham, and Jacob Stauffer ("Individual Defendants") have not yet filed their answer to Plaintiff's complaint. The Companies and Individual Defendants filed a motion to dismiss for failure to state a claim ("Second Motion")

1

contemporaneously with the Companies' Answer. [DN 25]. This motion to dismiss is incorporated by reference into the Companies' Answer. [DN 24 at 18].

Plaintiff now moves the Court to strike Defendants' Second Motion as untimely. [DN 29]. Plaintiff argues that, because the Individual Defendants have not yet answered Plaintiff's complaint, the Second Motion is prohibited in the Sixth Circuit as a second successive pre-answer motion under Rule 12. Plaintiff also argues that the Second Motion cannot be considered a motion for judgment on the pleadings under Rule 12(c) because the pleadings have not yet closed. For the following reasons, Plaintiff's motion to strike [DN 29] is **DENIED.**

## LEGAL STANDARD

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party ... before responding to the pleading." *Id.* Motions to strike under Rule 12(f) are addressed within the sound discretion of the Court, although they are generally disfavored. *Ameriwood Indus. Intern. Corp. v. Arthur Andersen & Co.,* 961 F.Supp. 1078, 1083 (W.D.Mich.1997) (citing *Fed. Sav. & Loan Ins. Corp. v. Burdette,* 696 F.Supp. 1183, 1186 (E.D.Tenn.1988); *FDIC v. Butcher,* 660 F.Supp. 1274, 1277 (E.D.Tenn.1987); *FDIC v. Berry,* 659 F.Supp. 1475, 1479 (E.D.Tenn.1987)). Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953). A motion to strike should be granted only where there is a clear showing that the challenged defense has no bearing on the subject matter and that permitting the matter to stand would prejudice the party. *Ameriwood*, 1078 F. Supp. at 1083.

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(h)(2), the defense of failure to state a claim upon which relief can be granted may be raised in any pleading allowed under Rule 7(a), by a motion under Rule 12(c), or at trial. Fed. R. Civ. P. 12(h)(2)(A)-(C). This is true even if a party chooses not to include the defense in its pre-responsive pleading Rule 12(b) motion. In other words, a party does not waive its defense of failure to state a claim upon which relief can be granted simply because the defense was omitted from the party's Rule 12(b) motion.

In this case, Defendants filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) on May 31, 2018. [DN 16]. Defendants chose not to include their defense of failure to state a claim upon which relief can be granted in their pre-responsive pleading motion. On November 21, 2018, this Court denied Defendants' Rule 12(b)(3) motion. [DN 23]. In compliance with Rule 12(a)(4), the Companies filed their Answer to Plaintiff's complaint on December 5, 2018. [DN 24]. The Individual Defendants have not yet filed their answer. Defendants filed their Second Motion contemporaneously with the Companies' Answer. [DN 25]. In their answer, the Companies incorporate by reference the contemporaneously filed Second Motion. [DN 24 at 18].

As the Court previously noted, a party may raise the defense of failure to state a claim upon which relief can be granted in any pleading allowed or ordered under Rule 7(a). Fed. R. Civ. P. 12(h)(2)(A). An answer to a complaint is a pleading allowed under Rule 7(a). Fed. R. Civ. P. 7(a)(2). Therefore, the Companies properly raised their defense of failure to state a claim upon which relief can be granted by raising it in their Answer to Plaintiff's complaint. *See English v. Dyke*, 23 F.3d 1086, 1091 (6th Cir. 1994) ("Rules 12(g) & (h)(2), however, provide an exception for a defense based on failure to state a claim. *Such a claim may be brought in a subsequent pleading*, motion for judgment on the pleadings, or at trial on the merits.") (emphasis added).

Plaintiff argues that Defendants' Second Motion to Dismiss is untimely. Plaintiff asserts that, because the Individual Defendants have not yet filed their answer, the Second Motion is a second successive pre-answer motion under Rule 12. Plaintiff further argues that second successive pre-answer motions under Rule 12 are prohibited in the Sixth Circuit. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 n. 3 (6th Cir. 1978) (explaining that Rule 12(g) "contemplates the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. . . Any defense that is available at the time of the original motion but is not included, may not be the basis of a second pre-answer motion.") Defendants, on the other hand, argue that it is within the Court's discretion to consider the Second Motion on the merits. However, it is unnecessary for the Court to decide whether Sixth Circuit precedent grants discretion in this instance because the Court interprets the Second Motion to Dismiss to be part of the Companies' Answer. Therefore, the Second Motion to Dismiss is timely pursuant to Rule 12(h)(2).

The Individual Defendants' decision not to file their answer contemporaneously with the Companies' Answer creates some procedural ambiguity in this case. Because of this procedural ambiguity, the Court finds *Asiago v. Chegg, Inc.* to be persuasive. No. 3:15-CV-438-DJH-DW, 2017 U.S. Dist. LEXIS 7897, 2017 WL 319231 (W.D.Ky. Jan. 20, 2017). In *Asiago*, an employee of a temporary services agency sued United Parcel Service, Inc. ("UPS") and Chegg, Inc. ("Chegg") for negligence, gross negligence, respondeat superior, and failure to properly hire, train, and supervise. *Id.* at *2. Although only UPS had answered the employee's complaint, both defendants filed a motion to dismiss.[1] *Id.* at *3. Because UPS' Rule 12(b)(6) motion was filed after

---

[1] Although UPS captioned its motion as one for summary judgment, the court considered it as a motion under Rule 12(b)(6). *Asiago*, 2017 U.S. Dist. 7897, *3-4.

4

its answer but before the pleadings had closed, the motion was both untimely as a rule 12(b)(6) motion and premature as a Rule 12(c) motion for judgment on the pleadings. *Id.* The *Asiago* court noted this procedural ambiguity and explained "the Court may consider an untimely 12(b)(6) motion (or premature motion for judgment on the pleadings) if the defense was raised in the defendant's answer." *Id.* at *3-4 (citing *Ortiz v. Holmes*, 157 F. Supp. 3d 692, 695 (N.D. Ohio 2016); *Gillespie v. City of Battle Creek*, 100 F. Supp. 3d 623, 628 (W.D. Mich. 2015)). Similarly, in this case, the Court can consider the Second Motion to Dismiss because it was raised in the Companies' Answer.

## ORDER

For the foregoing reasons, Plaintiff's motion to strike [DN 29] is **DENIED.** Plaintiff is granted an additional **twenty-one (21) days** from the entry of this Memorandum Opinion and Order to respond to Defendants' Second Motion to Dismiss. [DN 25].

The **telephonic conference** set for February 8, 2019 **is cancelled.** The Court will reschedule the conference after it rules on the pending motion to dismiss. [DN 25].

**IT IS SO ORDERED.**

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

January 23, 2019